**IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

|  |  |  |  |
|---|---|---|---|
| 1. | **TAYLEUR RAYE PICKUP** | ) | |
| 2. | **CHANDA LYNELLE BUTCHER** | ) | |
| 3. | **LINDSEY REANNA BUTCHER** | ) | |
| 4. | **CRYSTAL LEE LEACH** | ) | |
| 5. | **SHYANNE NICOLE SIXKILLER** | ) | |
| 6. | **And Others Similarly Situated,** | ) | |
| | Plaintiffs, | ) | **Case No. 20-CV-346-JED-FHM** |
| | | ) | |
| **vs.** | | ) | |
| | | ) | |
| 1. | **THE DISTRICT COURT OF NOWATA COUNTY, OKLAHOMA** | ) | |
| 2. | **THE DISTRICT COURT OF WASHINGTON COUNTY, OKLAHOMA** | ) | |
| 3. | **THE DISTRICT COURT OF DELAWARE COUNTY, OKLAHOMA** | ) | |
| 4. | **THE DISTRICT COURT OF CRAIG COUNTY, OKLAHOMA** | ) | |
| 5. | **THE DISTRICT COURT OF MAYES COUNTY, OKLAHOMA** | ) | |
| 6. | **THE DISTRICT COURT OF ROGERS COUNTY, OKLAHOMA** | ) | |
| 7. | **KEVIN BUCHANAN, in his official capacity, District Attorney of Nowata and Washington Counties, Oklahoma** | ) | |
| 8. | **KENNY WRIGHT, in his official capacity, District Attorney of Delaware County, Oklahoma** | ) | |
| 9. | **MATT BALLARD in his official capacity, District Attorney of Craig, Mayes, and Rogers Counties, Oklahoma** | ) | |
| 10. | **STEVE KUNZWEILER, in his official capacity, District Attorney of Tulsa County, Oklahoma** | ) | |
| 11. | **APRIL FRAUENBERGER, in her official capacity, Court Clerk of Nowata County, Oklahoma** | ) | |
| 12. | **JILL SPITZER, in her official capacity, Court Clerk of Washington County, Oklahoma** | ) | |
| 13. | **CAROLINE WEAVER, in her official capacity, Court Clerk of Delaware County, Oklahoma** | ) | |
| 14. | **DEBORAH MASON, in her official** | ) | |

capacity, Court Clerk of Craig County, )
Oklahoma )
15. LAURA WADE, in her official capacity, )
Court Clerk of Mayes County, Oklahoma )
16. CATHI EDWARDS, in her official )
capacity, Court Clerk of Rogers County, )
Oklahoma )
17. DON NEWBERRY, in his official capacity )
as Court Clerk of Tulsa County, Oklahoma )
18. THE TOWN OF ADAIR, OKLAHOMA )
19. THE CITY OF BARTLESVILLE, )
OKLAHOMA )
20. THE TOWN OF BIG CABIN, )
OKLAHOMA )
21. THE TOWN OF BLUEJACKET, )
OKLAHOMA )
22. THE CITY OF CATOOSA, OKLAHOMA )
23. THE TOWN OF CHELSEA, )
OKLAHOMA )
24. THE TOWN OF CHOTEAU, )
OKLAHOMA )
25. THE CITY OF CLAREMORE, )
OKLAHOMA )
26. THE CITY OF COLLINSVILLE, )
OKLAHOMA )
27. THE TOWN OF COPAN, OKLAHOMA )
28. THE CITY OF DEWEY, OKLAHOMA )
29. THE TOWN OF DISNEY, OKLAHOMA )
30. THE CITY OF GROVE, OKLAHOMA )
31. THE CITY OF JAY, OKLAHOMA )
32. THE TOWN OF KANSAS, OKLAHOMA )
33. THE TOWN OF LANGLEY, )
OKLAHOMA )
34. THE TOWN OF LOCUST GROVE, )
OKLAHOMA )
35. THE CITY OF NOWATA, OKLAHOMA )
36. THE TOWN OF OOLOGAH, )
OKLAHOMA )
37. THE CITY OF OWASSO, OKLAHOMA )
38. THE CITY OF PRYOR, OKLAHOMA )
39. THE TOWN OF RAMONA, OKLAHOMA )
40. THE TOWN OF SALINA, OKLAHOMA )
41. THE TOWN OF SOUTH COFFEYVILLE, )
OKLAHOMA )
42. THE TOWN OF SPAVINAW, )
OKLAHOMA )
43. THE TOWN OF STRANG, OKLAHOMA )
44. THE TOWN OF TALALA, OKLAHOMA )

**45. THE TOWN OF VERDIGRIS,** )
    **OKLAHOMA** )
**46. THE CITY OF VINITA, OKLAHOMA** )
**47. THE TOWN OF WARNER, OKLAHOMA** )
**48. THE TOWN OF WEST SILOAM** )
    **SPRINGS, OKLAHOMA,** )
        **Defendants.** )

## COMPLAINT

**COME NOW** the Plaintiffs, by and through their attorneys, John M. Dunn, Misty Fields, and Mark Lyons, and for their cause of action against the Defendants, allege and state as follows:

## INTRODUCTION

With the decision of *McGirt v. Oklahoma,* Case No. 18-9526, 591 US ____ (2020), the United States Supreme Court made it clear that, for more than a century, the State of Oklahoma (through the District Courts and the District Attorneys) and its political subdivisions (through the various cities and towns) have charged, fined and otherwise imposed court costs or administrative fees resulting in large sums of money being taken from Tribal members without the jurisdiction to do so. The *McGirt* opinion, referenced above, answered the question of whether the Creek Reservation was disestablished.  The Court performed the analysis and answered in the negative.

The Cherokee Nation was a part of many of the same treaties and statutes referenced in the *McGirt* opinion and the more detailed 10th Circuit Opinion of *Murphy v. Royal,* 875 F.3d 896 (10th Cir. 2017) [affirmed *per curiam* on July 9, 2020].  Based upon the analysis conducted by the Courts and applying the facts relevant to the Cherokee Nation, it is easily concluded that the Cherokee Reservation has also never been disestablished by Congress and remains Indian Country today.  This lawsuit has been brought by the Plaintiffs on their own behalf, and all others similarly situated, to disgorge the State and its political subdivisions of their ill-gotten

gains and to recover the monies paid to the Courts, District Attorneys, and political subdivisions that were paid as fines and costs, and levied without jurisdiction to do so.

## PLAINTIFFS

1.      Tayleur Raye Pickup is a natural person and resident of Mayes County, Oklahoma, and a member of the Cherokee Nation, a federally recognized Indian Tribe, with Registration number 256012.

2.      Chanda Lynelle Butcher is a natural person and resident of Mayes County, Oklahoma, and a member of the United Keetoowah Band of Cherokee Indians, a federally recognized Indian Tribe, with Registration number W13160.

3.      Lindsey Reanna Butcher is a natural person and resident of Mayes County, Oklahoma, and a member of the United Keetoowah Band of Cherokee Indians, a federally recognized Indian Tribe, with Registration number W13884.

4.      Crystal Lee Leach is a natural person and resident of Mayes County, Oklahoma, and a member of the Cherokee Nation, a federally recognized Indian Tribe, with Registration number 85614.

5.      Shyanne Nicole Sixkiller is a natural person and resident of Mayes County, Oklahoma, and a member of the Cherokee Nation, a federally recognized Indian Tribe, with Registration number C00182985.

6.      Plaintiffs assert that there are other persons, yet to be ascertained, that are similarly situated to the above-listed Plaintiffs.  Specifically, these Plaintiffs are described as being members of federally recognized Indian Tribes who have either been prosecuted for traffic offenses or misdemeanor crimes occurring within the Cherokee Reservation by the State of Oklahoma or its political subdivisions.

7.     These Plaintiffs have each paid money for fines, court costs, and/or supervision fees to the State of Oklahoma or its political subdivisions.

8.     Plaintiffs further assert that the other persons are expected to be so numerous that joinder of each of them is impractical.

## DEFENDANTS

9.     Kevin Buchanan in his official capacity as the District Attorney of Nowata and Washington Counties, Oklahoma.  During all times relevant to this lawsuit, Mr. Buchanan and his predecessors prosecuted Tribal members within the boundaries of the Cherokee Reservation without jurisdiction. As a result of Mr. Buchanan's and his predecessors' actions, the State of Oklahoma, and the Offices of the Nowata and Washington Counties District Attorneys have been unjustly enriched through the collection of fines, costs, assessments, probationary fees and other monies taken from Tribal members without legal authority.

10.     April Frauenberger, in her official capacity as the Court Clerk of Nowata County, Oklahoma. During all times relevant in this lawsuit, both she and her predecessors collected monies from Tribal members that were assessed by the Court as a fine, a court cost, or other fees. Under the structure of the District Court, the Court Clerk is the proper party to refund the monies sought by this action.

11.     Jill Spitzer, in her official capacity as the Court Clerk of Washington County, Oklahoma.  During all times relevant in this lawsuit, both she and her predecessors collected monies from Tribal members that were assessed by the Court as a fine, a court cost, or other fees. Under the structure of the District Court, the Court Clerk is the proper party to refund the monies sought by this action.

12.     Kenny Wright in his official capacity as the District Attorney of Delaware County, Oklahoma.  During all times relevant to this lawsuit, Mr. Wright and his predecessors

prosecuted Tribal members within the boundaries of the Cherokee Reservation without jurisdiction.  As a result of Mr. Wright's and his predecessors' actions, the State of Oklahoma, and the Offices of the Delaware County, Oklahoma, District Attorney have been unjustly enriched through the collection of fines, costs, assessments, probationary fees and other monies taken from Tribal members without legal authority.

13.     Caroline Weaver, in her official capacity as the Court Clerk of Delaware County, Oklahoma.  During all times relevant in this lawsuit, both she and her predecessors collected monies from Tribal members that were assessed by the Court as a fine, a court cost, or other fees. Under the structure of the District Court, the Court Clerk is the proper party to refund the monies sought by this action.

14.     Matt Ballard in his official capacity as the District Attorney of Craig, Mayes, and Rogers Counties, Oklahoma. During all times relevant to this lawsuit, Mr. Ballard and his predecessors prosecuted Tribal members within the boundaries of the Cherokee Reservation without jurisdiction. As a result of Mr. Ballard's and his predecessors' actions, the State of Oklahoma, and the Offices of the Craig, Mayes, and Rogers Counties District Attorneys have been unjustly enriched through the collection of fines, costs, assessments, probationary fees and other monies taken from Tribal members without legal authority.

15.     Deborah Mason, in her official capacity as the Court Clerk of Craig County, Oklahoma.  During all times relevant to this lawsuit, both she and her predecessors collected monies from Tribal members that were assessed by the Court as a fine, a court cost, or other fees. Under the structure of the District Court, the Court Clerk is the proper party to refund the monies sought by this action.

16.     Laura Wade, in her official capacity as the Court Clerk of Mayes County, Oklahoma.  During all times relevant to this lawsuit, both she and her predecessors collected

monies from Tribal members that were assessed by the Court as a fine, a court cost, or other fees. Under the structure of the District Court, the Court Clerk is the proper party to refund the monies sought by this action.

17.     Cathi Edwards, in her official capacity as the Court Clerk of Rogers County, Oklahoma.  During all times relevant in this lawsuit, both she and her predecessors collected monies from Tribal members that were assessed by the Court as a fine, a court cost, or other fees. Under the structure of the District Court, the Court Clerk is the proper party to refund the monies sought by this action.

18.     Steve Kunzweiler, in his official capacity as the District Attorney of Tulsa County, Oklahoma. During all times relevant to this lawsuit, Mr. Kunzweiler and his predecessors prosecuted Tribal members within the boundaries of the Cherokee Reservation without jurisdiction. As a result of Mr. Kunzweiler's and his predecessors' actions, the State of Oklahoma and the Offices of the Tulsa County District Attorney have been unjustly enriched through the collection of fines, costs, assessments, probationary fees and other monies taken from Tribal members without legal authority.

19.     Don Newberry, in his official capacity as the Court Clerk of Tulsa County, Oklahoma.  During all times relevant in this lawsuit, both he and his predecessors collected monies from Tribal members that were assessed by the Court as a fine, a court cost, or other fees. Under the structure of the District Court, the Court Clerk is the proper party to refund the monies sought by this action.

20.     The Town of Adair is an incorporated Town and political subdivision of the State of Oklahoma located in Mayes County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

21.     The City of Bartlesville is an incorporated City and political subdivision of the State of Oklahoma located in Washington and Osage Counties in the Cherokee Reservation. This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

22.     The Town of Big Cabin is an incorporated Town and political subdivision of the State of Oklahoma located in Craig and Mayes Counties in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

23.     The Town of Bluejacket is an incorporated Town and political subdivision of the State of Oklahoma located in Craig County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

24.     The City of Catoosa is an incorporated City and political subdivision of the State of Oklahoma located in Rogers and Wagoner Counties in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

25.     The Town of Chelsea is an incorporated Town and political subdivision of the State of Oklahoma located in Rogers County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

26.     The Town of Choteau is an incorporated Town and political subdivision of the State of Oklahoma located in Mayes County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

27.     The City of Claremore is an incorporated City and political subdivision of the State of Oklahoma located in Rogers County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

28.     The City of Collinsville is an incorporated City and political subdivision of the State of Oklahoma located in Tulsa and Rogers Counties in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

29.     The Town of Copan is an incorporated Town and political subdivision of the State of Oklahoma located in Washington County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

30.     The City of Dewey is an incorporated City and political subdivision of the State of Oklahoma located in Washington County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

31.     The Town of Disney is an incorporated Town and political subdivision of the State of Oklahoma located in Mayes County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

32.     The City of Grove is an incorporated City and political subdivision of the State of Oklahoma located in Delaware County in the Cherokee Nation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

33.     The City of Jay is an incorporated City and political subdivision of the State of Oklahoma located in Delaware County in the Cherokee Nation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

34.     The Town of Kansas is an incorporated Town and political subdivision of the State of Oklahoma located in Delaware County in the Cherokee Nation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

35.     The Town of Langley is an incorporated Town and political subdivision of the State of Oklahoma located in Mayes County in the Cherokee Nation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

36.     The Town of Locust Grove is an incorporated Town and political subdivision of the State of Oklahoma located in Mayes County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

37.     The City of Nowata is an incorporated City and political subdivision of the State of Oklahoma located in Nowata County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

38.     The Town of Oologah is an incorporated Town and political subdivision of the State of Oklahoma located in Rogers County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

39.     The City of Owasso is an incorporated City and political subdivision of the State of Oklahoma located in Tulsa and Rogers Counties in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

40.     The City of Pryor is an incorporated City and political subdivision of the State of Oklahoma located in Mayes County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

41.     The Town of Ramona is an incorporated Town and political subdivision of the State of Oklahoma located in Washington County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

42.     The Town of Salina is an incorporated Town and political subdivision of the State of Oklahoma located in Mayes County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

43.     The Town of South Coffeyville is an incorporated Town and political subdivision of the State of Oklahoma located in Nowata County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

44.     The Town of Spavinaw is an incorporated Town and political subdivision of the State of Oklahoma located in Mayes County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

45.     The Town of Strang is an incorporated Town and political subdivision of the State of Oklahoma located in Mayes County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

46.     The Town of Talala is an incorporated Town and political subdivision of the State of Oklahoma located in Rogers County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

47.     The Town of Verdigris is an incorporated Town and political subdivision of the State of Oklahoma located in Rogers County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

48.     The City of Vinita is an incorporated City and political subdivision of the State of Oklahoma located in Craig County in the Cherokee Reservation.  This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

49.     The Town of West Siloam Springs is an incorporated Town and political subdivision of the State of Oklahoma located in Delaware County in the Cherokee Reservation.

This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

## VENUE

50.     Venue is proper in the Northern District of Oklahoma pursuant to 28 USC § 1391(b)(1) because each of the Defendants is located within the district.

51.     Venue is proper in the Northern District of Oklahoma pursuant to 28 USC § 1391(b)(2) because the events complained of occurred within this district.

## GOVERNMENTAL TORT CLAIMS ACT

52.     This action is for recovery of "money had and received" as described in *Sholer v State ex rep. Dept. of Public Safety*, 945 P.2d 469, 1995 OK 150 (Okla., 1995). As such, the requirements of the Governmental Tort Claims Act do not apply.

## ALLEGATIONS COMMON TO ALL COUNTS

53.     On July 9, 2020, the United States Supreme Court issued its opinion on *McGirt vs. Oklahoma,* 591 US _____ (2020) holding: Under Federal law, no State or subdivision shall have jurisdiction over any Indian who commits a crime in "Indian Country", including all land within the limits of any Indian reservation under the jurisdiction of the United States Government.

54.     In that case, the Court articulated the factors to consider when determining whether a reservation has been disestablished.

55.     Based upon those factors, the Cherokee Nation has never been disestablished and remains an "Indian Reservation".

56.     Pursuant to the Court's holding, neither the State of Oklahoma, nor any of its political subdivisions has subject matter jurisdiction to criminally charge and prosecute members of a federally recognized American Indian tribe for crimes committed on the Cherokee

Reservation.  That subject matter jurisdiction is vested solely in the Cherokee Nation or in the United States.  It is well recognized that crimes allegedly committed by members of a federally recognized tribe that occurred in Indian country must be subject to the sovereign immunity possessed by such Indian nations.  "Indian country" is defined in 18 USC § 1151 and includes "(a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and, including rights-of-way running through the reservation. . ."

57.     18 USC § 1152 establishes the jurisdiction of the federal Government over Indian Country.

> Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.
>
> This section shall not extend to the offenses committed by one Indian against the person or property or another Indian, nor to any Indian committing an offense who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

58.     During the argument in *McGirt* and as the opinion discussed, the State of Oklahoma and its political subdivisions have been arresting, fining, and assessing fees against Tribal members for over a hundred years.  This has become a pattern and practice of the State and its political subdivisions.  (*McGirt* 591 U.S. ___ (2020) (Slip Opinion at P. 23, 28, 35).

59.   On June 30, 2017, Tayleur Raye Pickup was convicted of Escape from Arrest or Detention in Mayes County District Court, Oklahoma, in Case No. CM-2016-472, arising from events that occurred within the boundaries of the Cherokee Nation.  Mr. Pickup has been unlawfully prosecuted by the State of Oklahoma and/or its political subdivisions without

jurisdiction.  As a result of the wrongful prosecution, the State of Oklahoma and/or its political subdivisions have been unjustly enriched.

60.     On October 30, 2019, Tayleur Raye Pickup was convicted of Obstructing an Officer in Mayes County District Court, Oklahoma, in Case No. CM-2019-482, arising from events that occurred within the boundaries of the Cherokee Nation.  Mr. Pickup has been unlawfully prosecuted by the State of Oklahoma and/or its political subdivisions without jurisdiction.  As a result of the wrongful prosecution, the State of Oklahoma and/or its political subdivisions have been unjustly enriched.

61.     On November 2, 2015, Chanda Lynelle Butcher was convicted of Obtaining Money by Bogus Check in Mayes County District Court, Oklahoma, in Case No. CM-2014-343, arising from events that occurred within the boundaries of the Cherokee Nation.  Ms. Butcher has been unlawfully prosecuted by the State of Oklahoma and/or its political subdivisions without jurisdiction.  As a result of the wrongful prosecution, the State of Oklahoma and/or its political subdivisions have been unjustly enriched. Additionally, Ms. Butcher was ordered to pay $40.00 per month to the Mayes County District Attorney's Office.

62.     On July 26, 2019, Lindsey Reanna Butcher was convicted of Operating a Motor Vehicle without a Valid Driver's License in Mayes County District Court, Oklahoma, in Case No. TR-2019-2754, arising from events that occurred within the boundaries of the Cherokee Nation.  Ms. Butcher has been unlawfully prosecuted by the State of Oklahoma and/or its political subdivisions without jurisdiction.  As a result of the wrongful prosecution, the State of Oklahoma and/or its political subdivisions have been unjustly enriched.

63.     On July 26, 2019, Lindsey Reanna Butcher was convicted of Failing to Wear Seatbelt while Operating a Motor Vehicle in Mayes County District Court, Oklahoma, in Case No. TR-2019-2755 arising from events that occurred within the boundaries of the Cherokee

Nation.   Ms. Butcher has been unlawfully prosecuted by the State of Oklahoma and/or its political subdivisions without jurisdiction.   As a result of the wrongful prosecution, the State of Oklahoma and/or its political subdivisions have been unjustly enriched.

64.    On October 3, 2019, Crystal Lee Leach was convicted of Failing to Wear Seatbelt while Operating a Motor Vehicle in Mayes County District Court, Oklahoma, in Case No. CM-2019-173, arising from events that occurred within the boundaries of the Cherokee Nation.   Ms. Leach has been unlawfully prosecuted by the State of Oklahoma and/or its political subdivisions without jurisdiction.   As a result of the wrongful prosecution, the State of Oklahoma and/or its political subdivisions have been unjustly enriched.   Ms. Leach was additionally ordered to pay $40.00 per month to the Mayes County District Attorney's Office.

65.    On April 20, 2019, Shyanne Nicole Sixkiller received a traffic ticket for Speeding issued by Locust Grove Police Department, a political subdivision of the State of Oklahoma. Ms. Sixkiller has been unlawfully prosecuted by the State of Oklahoma and/or its political subdivisions without jurisdiction.   As a result of the wrongful prosecution, the State of Oklahoma and/or its political subdivisions have been unjustly enriched.

## CLASS ACTION

66.    Plaintiffs bring this action individually and as the representatives of all members of a Plaintiff Class pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Class"). The class of persons represented by Plaintiffs is composed of the following individuals (the "Class Members"):

> All Native American persons who were members of a federally recognized tribe and or had been issued CDIB card from the (Department of Interior Bureau of Indian Affairs) at the time they were prosecuted by the State of Oklahoma or one of its political subdivisions for traffic offenses or misdemeanor offenses, and the prosecution took place for actions which were alleged to have occurred solely within the boundaries of the Cherokee Reservation within the applicable statute of limitations as allowed by law.

67.     Upon information and belief, Plaintiffs allege that the Class numbers into the thousands, if not tens of thousands, and is so numerous that joinder of all class members is impracticable.

68.     Plaintiffs' claims are typical of the claims of the Class. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class.

69.     Each of the above Plaintiffs, and others similarly situated to be determined, have paid money in the form of fines, court costs, and supervision fees to the various Defendants, which constitutes the State of Oklahoma or its political subdivisions.

70.     The Class described above presents a common question of law and fact to the Court.  Specifically, they seek to be refunded all monies paid to the State or its political subdivisions as a result of the above-described prosecutions.

71.     The claims made by the Plaintiffs are common to the Class.

72.     The represented parties listed above will fairly and adequately protect the interests of the Class.

73.     If these claims were prosecuted individually and separately, there is risk that the courts of the various counties (twelve counties in total) could result in different verdicts and allow for different standards of conduct on the part of the Defendants.

74.     If the matters were pursued separately, an order for the return of money to one Plaintiff would be dispositive of all other cases.

75.     The questions of law and fact are common to each case.  Permitting the matter to proceed as a Class is the most efficient method to adjudicate these claims.  Permitting these matters to proceed as a Class will promote judicial economy.

76.     Adequate and qualified representation for the Class is necessary to protect the interests of the Class members. Plaintiffs are represented by counsel both skilled and experienced in class action litigation.

a.     Mark Lyons of Lyons and Clark, Inc. is an accomplished trial attorney with over 40 years of experience.  He has significant experience in complex, multi-party litigation, resulting in the recovery of in excess of $10 million as well as obtaining injunctive relief on behalf of many clients.  Mr. Lyons has extensive experience in the area of complex commercial and civil litigation. Mr. Lyons has the unique ability, financial ability and background to organize and prosecute this litigation. Plaintiffs will receive quality legal representation that will efficiently and aggressively pursue this matter. In addition to being a Martindale Hubbell "AV" rated law firm, the firm also has substantial litigation support staff consisting of staff attorneys, interns, paralegals and document clerks.  Mr. Lyons has also served as a member and vice-chairman of the Oklahoma Ethics Commission for approximately five years.

b.     Plaintiffs are also represented by Misty Fields. Ms. Fields has approximately 10 years of experience in the field of criminal and civil litigation.  Ms. Fields is the OIDS contractor in Mayes County and handles other murder or major crime appointments outside of that contract.  Ms. Fields has tried numerous jury trials and handled complex constitutional issues in both tribal and state court, including the "commercial pet breeders case", *The Application of Charles Evans,* LeFlore County Case No. CV-2011-56, which resulted in the underlying law being repealed as unconstitutional.  Ms. Fields was the recipient of the prestigious Clarence Darrow Award in 2018.

c.       Plaintiffs are also represented by John M. Dunn. Mr. Dunn is a former law enforcement officer and Lieutenant in the Pawnee County Sheriff's Office, practicing in Oklahoma and Federal Courts.  Mr. Dunn is a member of the Northern and Eastern District of Oklahoma CJA Panel. Mr. Dunn has 15 years of experience in criminal and civil litigation and has tried over a dozen jury trial cases in federal and state court.  Mr. Dunn has a history of handling complex legal issues and is often sought out by other counsel for his insight.  Mr. Dunn has been published in the Oklahoma Bar Journal on three (3) separate occasions, and Mr. Dunn has four (4) published appellate cases including the notable opinion of *Starkey v. Dept. of Corrections*, 2013 OK 43, 305 P.3d 1004.  Mr. Dunn also has experience defending a class action lawsuit, having defended numerous clients in the "Liquor Tax Class Action" in Canadian County Case No. CJ-2009-964.

77.     The questions of law and fact common to the Class include:

a.       Would the application of United States Supreme Court's ruling in *McGirt v. Oklahoma*, Case No. 18-9526, 591 U.S. ____ (2020) to the Cherokee Nation yield that the Cherokee Reservation was never disestablished and that "[T]he State of Oklahoma does not have jurisdiction over crimes committed by or against an Indian in Indian country." *State v. Klindt*, 782 P.2d 401,403 (Okla. Crim. App. 1989)?

b.        Should the Defendants be required to return all or at least a portion of the monies they acquired without lawful authority or having jurisdiction over the Tribal members?

c.       How much of the money obtained by the Defendants without lawful authority should they be allowed to keep?

d.      Should the Defendants be required to pay interest on the monies they acquired from the Plaintiffs without legal authority?

e.      Should Defendants be required to pay the Class' attorney fees required to recover the ill-gotten monies?

78.     These questions of law and fact are common to the Class and predominate over questions affecting only individual members. A class action is superior to other available methods for a fair and efficient adjudication of the controversy because such action is uniquely suited to determining the rights of and damages to hundreds of similarly situated individuals while minimizing the amount of legal resources which must be utilized to resolve the controversy.

## COUNT I: DECLARATORY JUDGMENT

79.     The Plaintiffs re-allege and re-aver the allegations contained in paragraphs 1-78.

80.     Federal Rule of Civil Procedure Rule 57 provides for Declaratory Judgment when it will terminate the controversy.

81.     While the United States Supreme Court has made it clear that the Creek Reservation has never been disestablished, there has not been a ruling affirmatively say that the Cherokee Reservation has not been disestablished, although a careful reading of *Murphy* leads to that conclusion. The application of the *Solem* factors leads to that conclusion, and the reasoning behind *McGirt* also leads to that conclusion.

82.     The Plaintiffs have each been made to pay fines and costs following convictions or other judgments compelling the payment of monies to the State of Oklahoma or one of its political subdivisions.

83.     The Courts of Oklahoma or their political subdivisions that entered an order convicting or deferring adjudications against members of the Class did so without jurisdiction.

84.     When a Court acts without subject matter jurisdiction, the action is void.

85.     The Plaintiffs are entitled to Declaratory Judgment that the Cherokee Reservation has not been disestablished and therefore any action by the State of Oklahoma or its political subdivisions is void because the court would have lacked subject matter jurisdiction.

## COUNT II: MONEY HAD AND RECEIVED

86.      The Plaintiffs re-allege and re-aver the allegations contained in paragraphs 1-85.

87.     The State of Oklahoma and its political subdivisions are currently in possession of monies that were tendered pursuant to void orders or that were otherwise obtained without jurisdiction.

88.     Such an action arises when one has received money which in equity and good conscience should be paid to another. *Continental Oil v. Rapp*, 301 P.2d 198 (Okla.1956). The obligation to repay the money does not arise from the assent of the parties, it is implied in law.

89.     Following the pronouncement of the United States Supreme Court in *McGirt,* it is clear that no Court of the State of Oklahoma or any political subdivision thereof had jurisdiction over the Plaintiffs in this case. It is incumbent on the State and its political subdivisions to return the monies that it has been paid.

## COUNT III: 1983 CLAIM

90.     Plaintiffs re-allege and re-aver the allegations contained in paragraphs 1-89.

91.     Each of the political subdivisions listed above as Defendants have executed a policy of arresting, investigating, issuing citations to and collecting fines from Tribal members within the boundaries of the Cherokee Reservation.

92.     In so doing, the political subdivisions have violated the rights of the Tribal members, as guaranteed by treaty, United States Federal Law and the United States Constitution.

Specifically, the actions of these Defendants have violated the due process rights of the Tribal members by subjecting them to trial and punishment before a Court that had no subject matter jurisdiction.

93.     Further, these political subdivisions have collected monies for fines and costs from Tribal members within the borders of the Cherokee Reservation in the form of fees and costs.

94.     Tribal members are guaranteed the right by treaty and federal law to appear only before a Tribal court or in federal court.  It has been long recognized that the state government has no jurisdiction over the crimes committed by a Tribal member on a reservation.

95.     Yet the political subdivisions have continued to execute the policy of fining and assessing costs and fees against tribal members for misdemeanor crimes and traffic infractions committed on the Cherokee Reservation.

WHEREFORE, the Plaintiffs pray this Court will enter an order certifying a Class pursuant to Federal Rule of Civil Procedure 23, grant Declaratory Judgment in favor of Plaintiffs declaring that the Cherokee Reservation has not been disestablished, and any conviction or deferred adjudication against the members of the Class by the State of Oklahoma or any political subdivision thereof to be void, and entering an order for the refund of all funds paid by the Class to the State of Oklahoma, any of its agents or political subdivisions in an amount thought to be greater than $75,000.00.

Respectfully submitted,

  /S/ Mark D. Lyons                                    /S/ John M. Dunn                                
Mark Lyons, OBA#5590                        John M. Dunn, OBA No. 20975
Lyons and Clark, Inc.                          The Law Offices of John M. Dunn, PLLC
616 S. Main, Suite 201                         616 South Main Street, Suite 206
Tulsa, OK  74119                                Tulsa, OK  74119
Telephone: (918-599-8844                  Telephone: (918) 526-8000
Facsimile:  (918) 599-8585                  Facsimile: (918) 359-5050
                                                         Email: jmdunn@johndunnlaw.com

/s/ Misty S. Fields
Misty S. Fields, OBA No. 22563
Fields & Garner, PLLC
20 Court Place
Pryor, OK  74361
Telephone:  (918) 824-1114
Facsimile:  (918) 512-1775

**ATTORNEY LIEN CLAIMED**