IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. TAYLEUR RAYE PICKUP,<br>2. CHANDA LYNELLE BUTCHER,<br>3. LINDSEY REANNA BUTCHER,<br>4. CRYSTAL LEE LEACH,<br>5. SHYANNE NICOLE SIXKILLER,<br>6. And Others Similarly Situated,<br><br>     Plaintiffs,<br>vs.<br><br>1. THE DISTRICT COURT OF<br> NOWATA COUNTY, OKLAHOMA,<br> et al.,<br><br>     Defendants. | Case No. 20-CV-346-JED-FHM |

**DEFENDANTS, THE DISTRICT COURT OF NOWATA COUNTY, THE DISTRICT COURT OF WASHINGTON COUNTY, THE DISTRICT COURT OF DELAWARE COUNTY, THE DISTRICT COURT OF CRAIG COUNTY, THE DISTRICT COURT OF MAYES COUNTY AND THE DISTRICT COURT OF ROGERS COUNTY's <u>MOTION TO DISMISS AND BRIEF IN SUPPORT</u>**

Defendants The District Court of Nowata County, The District Court of Washington County, The District Court of Delaware County, The District of Craig County, The District Court of Mayes County and The District Court of Rogers County (collectively "The District Courts" or Defendants), by and through the undersigned counsel, hereby request pursuant to Rule 12(b)(1), (4), (5) and (6) of the Federal Rules of Civil Procedure that Plaintiffs' Complaint (Doc. No. 2) be dismissed against them. In support of their Motion, Defendants show the Court the following:

## FACTUAL BACKGROUND

Plaintiffs have pled three counts in their Complaint: Count I: Declaratory Judgment (Doc. No. 2 at p. 19); Count II: Money Had and Received (Doc. No. 2 at p. 20); and Count III: 1983 Claim (Doc. No. 2 at p. 20). To summarize, Plaintiffs' Complaint seeks the return of money paid by Plaintiffs as part of criminal convictions that they allege Oklahoma state and municipal courts were without jurisdiction to enter against them because they are Native Americans. Paragraphs 1 through 9 identify the Plaintiffs and an alleged class and generic harm done to the Plaintiffs and alleged class. Paragraphs 10 through 49 identify all the Defendants and make very general repetitive allegations like:

   a. During all times relevant to this lawsuit, [District Attorney] and his predecessors prosecuted Tribal members within the boundaries of the Cherokee Reservation without jurisdiction. As a result of Mr. Buchanan's and his predecessors' actions, the State of Oklahoma, and the Offices of the [_____] and [_____] Counties District Attorneys have been unjustly enriched through the collection of fines, costs, assessments, probationary fees and other monies taken from Tribal members without legal authority.

   b. During all times relevant in this lawsuit, both she [the Court Clerk] and her predecessors collected monies from Tribal members that were assessed by the Court as a fine, a court cost, or other fees. Under the structure of the District Court, the Court Clerk is the proper party to refund the monies sought by this action.

   c. The [Town or City] is an incorporated Town [or City] and political subdivision of the State of Oklahoma located in [_____] County in the Cherokee Reservation. This Defendant has collected court fees and fines from Tribal members without having the jurisdiction to do so.

Complaint (Doc. No. 2) at ¶¶ 10-49. However, nowhere in these paragraphs do Plaintiffs identify the first six (6) Defendants (i.e. the District Courts) in the caption of this case. In paragraphs 59 through 65, Plaintiffs identify the convictions that they allege are void. Each paragraph in 59 through 65 corresponds to one Plaintiff. In those paragraphs, only Mayes

County District Court and Locust Grove Police Department are identified as having "convictions" against Plaintiffs. Therefore, only one of the six Defendant District Courts has any allegation against it in the Complaint. However, this one allegation plus the allegations about Plaintiffs' status as members of a federally recognized tribe are insufficient to state claims against the District Courts. Further, Plaintiffs only use generic terms in their allegations contained in paragraphs 79 through 95.

Plaintiffs do not allege that the convictions have been vacated through a post-conviction proceeding in the appropriate state or municipal court. Rather, Plaintiffs seek to have this Court collaterally declare the convictions void (even though *McGirt* was a post-conviction relief case in its posture and post-conviction relief is the exclusive means for vacating a conviction) and have this Court award money to Plaintiffs. This is not the proper procedure or forum for the relief sought by Plaintiffs. Plaintiffs should utilize the post-conviction relief process available to them for all the relief they actually seek. These insufficiencies in the Complaint and the arguments raised below (and in Defendant District Attorney's Motion to Dismiss) show that Plaintiffs have failed to state claims against the District Courts. Defendants hereby incorporate Defendant District Attorneys' arguments regarding *Rooker-Feldman* and *Heck* as well as for failure to state a claim under Count II into this Motion to reduce redundancy and promote efficiency.

Finally, Defendants have not consented to jurisdiction in this Court such that sovereign immunity exists and this Court lacks subject matter jurisdiction. *See* Proposition I below.

## **STANDARD OF REVIEW**

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of

two forms: a facial attack or a factual attack. *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1148 n. 4 (10th Cir. 2015). A facial attack questions the sufficiency of the complaint's allegations. *Id.* In reviewing a facial attack, a district court must accept the allegations in the complaint as true. *Id.* In a factual attack, the moving party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. *Id.* When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. *Id.* Instead, the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts. *Id.*

Rule 12(b)(6) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for failure to state claims upon which relief may be granted. Motions to dismiss are properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and those factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, at 1965, 1974 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. A court is not required to accept as true allegations that are conclusory in nature. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Finally, "dismissal under Rule 12(b)(6)

4

is appropriate if the complaint alone is legally insufficient to state a claim." *Broker's Choice of Am. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-05 (10th 2017) (citing *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010)).

**PROPOSITION I:** Plaintiffs have failed to properly serve these Defendants.

A defendant may object when the plaintiff fails to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4. *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 477 (D. Kan. 1994) (*quoting 5A C. Wright & A. Miller, Federal Practice and Procedure § 1353* (2d ed.1990)). "Rules 12(b)(4) and 12(b)(5) allow a defendant to defend against a claim on the grounds of insufficiency of process and insufficiency of service of process." *Whitsell v. United States*, 198 F.3d 260, 260 (10th Cir. 1999) (*citing* Fed.R.Civ.P. 12(b)(4), 12(b)(5)).

The proper content of a valid summons is specified in Rule 4(a)(1):

A summons must:
(A) name the court and the parties;
(B) be directed to the defendant;…

In this instant action, summons was issued to individual district courts, through the elected court clerks in their official capacities and was then served to the court clerk at the clerk's business address. As more fully set out below (see proposition IV), a county district court in Oklahoma is not a political subdivision capable of being sued. But even if it were, a county court clerk is a distinct elected official and does not exercise care or control over the court. *See e.g.* 20 O.S. Sec. 23, 20 O.S. Ch. 1, Rule 1; 20 O.S. Ch. 1. Rule 2. "The court clerk is an executive official of the county who functions as bursar for the state district courts." *North Side State Bank v. Board of County Comm'rs of Tulsa County*, 1994 OK 34, 894 P.2d 1046, 1056.

The summons issued to the individual district courts are therefore defective and as set out in Prop IV below, the defect is incurable. Therefore, this action should be dismissed as to the individual district courts.

> **PROPOSITION II:** Eleventh Amendment immunity has not been waived by Defendants such that this Court lacks subject matter jurisdiction to decide this matter.

The Eleventh Amendment bars a plaintiff from bringing suit in federal court against a state or state agency absent consent or valid abrogation of state immunity by Congress. *See Kimel v. Florida Bd. Of Regents*, 528 U.S. 62, 73 (2000); *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993). The Eleventh Amendment protects states and state agencies from suits brought in federal court for either damages or injunctive relief. *See Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (the Eleventh Amendment bar suits against state agencies "regardless of the nature of the relief sought."); *see also Winsness v. Yocom*, 433 F.3d 727, 735 (10th Cir.2006) ("[W]e treat declaratory relief as retrospective 'to the extent that it is intertwined with a claim for monetary damages that requires us to declare whether a past constitutional violation occurred.'" (citation omitted)). The Eleventh Amendment bars retrospective claims for declaratory relief. *See Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1232 (10th Cir.2004) ("As the district court correctly held, the claims for back pay, monetary damages, and retrospective declaratory relief are barred by the Eleventh Amendment."); *E.R. by Cray v. Stitt*, No. CIV-18-1137-SLP, 2019 WL 4546964, *4 (W.D. Okla. Sept. 19, 2019) ("[S]overeign immunity bars Plaintiffs' claims for declaratory relief against Governor Stitt and Mr. Brown in their official capacities."). Importantly, "[c]ourts indulge every reasonable presumption against waiver" of immunity. *Coll. Sav. Bank v. Fla. Prepaid*

*Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682 (1999).  Therefore, unless Congress specifically abrogates the States' sovereign immunity or the States waive their immunity, the Eleventh Amendment controls.

In this case, Plaintiffs are clearly seeking damages from the State. Plaintiffs allege that the purpose of this suit is "to recover the monies paid to the Courts, District Attorneys, and political subdivisions that were paid as fines and costs, and levied without jurisdiction to do so." See Complaint (Doc. No. 2) at p.4.  Plaintiffs have not alleged a valid abrogation of the Eleventh Amendment.  Therefore, this case should be dismissed for lack of jurisdiction.

**PROPOSITION III:** **Defendants are not a person for purposes of § 1983.**

Without waiving the Eleventh Amendment defense, Defendants also assert that Plaintiffs have failed to state a claim for relief under 42 U.S.C. § 1983. Plaintiffs have separately named The District Courts as Defendants in their Complaint (Doc. No. 2) and states that one of their causes of action is based on 42 U.S.C. § 1983.  See Complaint at p. 20 (Doc. No. 2). Section 1983 of Title 42 of the United States Code provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ….

Plaintiffs "may not bring claims against the State under 42 U.S.C. §§ 1981 or 1983 because the state is not a 'person' within the meaning of these statutes." *Re v. Vistas*, 173 F.3d 864 (10th Cir. 1999) (citations omitted).  Naming an agency of the state as a defendant actually names the state itself. *See, Florida Department of Health and Rehabilitative Services v. Florida Nursing Home Association*, 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981); *Alabama v. Pugh*, 438 U.S. 781,

7

98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Hefley v. Textron*, 713 F.2d 1487, 1494 (10th Cir. 1983). Neither a state, its agencies nor its officials are "persons" under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 109 S.Ct. 2304, 105 L.Ed 2d 45, 53 (1989). ("... [W]e reaffirm today . . . that a State is not a person within the meaning of § 1983.").

In the present case, The District Courts are clearly the State. Because the State of Oklahoma and its agencies are not "persons" subject to suit under 42 U.S.C. § 1983, there is no basis in the Complaint which would entitle the Plaintiffs to monetary relief against The District Courts under federal law. Under *Will*, the Court lacks jurisdiction to entertain this claim (Count III) and should dismiss it.

**PROPOSITION IV**:   **Defendants are not entities capable of being sued.**

Pursuant to Rule 17(b) of the Federal Rules of Civil Procedure, the capacity of an entity to sue or be sued is determined by the law of the state where the court is located.

Article 7 Section 7 of the Oklahoma Constitution mandates that the state is to be divided into judicial districts each consisting of an entire county or of contiguous counties. It further directs that there shall be one (1) District Court for each judicial district, which shall have as many judges as is prescribed by statute. Title 20 O.S. §92.1 divides the state into twenty-six (26) district court judicial districts with the number of authorized districts and district judges as authorized by statute. Sections 92.2 through 92.27 generally establish the judicial districts in the State of Oklahoma. Furthermore, Article 7 Section 7 mandates that the District Court shall have unlimited jurisdiction on justiciable matters unless prohibited by statute and such powers to review administrative action as provided by statute.

Defendants (the District Courts as identified in the caption), however, are not political

8

subdivisions which is necessary to make them entities capable of being named in order to sue the State. The judicial district or district court is a legal fiction incapable of being brought to court, in and of itself. Defendants are, of course, made up of employees, including judges, who could be sued individually or in their official capacity, but the Defendants alone cannot be sued or brought to court. *See Martinez v. Winner*, 771 F. 2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity, and the complaint will be dismissed as to it."); *See also Mason v. Twenty-Sixth Judicial Dist. of Kansas, Court Services Div.*, 670 F.Supp 1528, 1528 (D. Kan. 1987) ("Judicial District was not capable of being sued.").

Defendants quite simply cannot be sued. Oklahoma law defines what agencies and instrumentalities it has. In this case, the Oklahoma Governmental Tort Claim Act ("OGTCA") says what agencies and instrumentalities may be sued and that has not been done in this instance. *See* OKLA. STAT. tit. 151 §153. Defendants are not the state itself, but are instead a fictional arm of the state incapable of being sued. The GTCA expressly defines what is considered "the state," and the judicial district/district court is not included. *See* OKLA. STAT. tit. 51 §152 (13). It is not an agency, department, authority, etc., because it has no enabling statute. Furthermore, simply because the people of Oklahoma decided to divide the courts up into districts does not transform them into political subdivisions either. Moreover, it is not a political subdivision of the state because the GTCA expressly defines what is considered a political subdivision, and the judicial district/district court is not included. *See* OKLA. STAT. tit. 51 §152 (11). For these reasons, Defendants are not capable of being sued and Plaintiffs' claims fail.

    **PROPOSITION V:**    **Plaintiffs have failed to state a claim for declaratory relief.**

Without waiving Eleventh Amendment immunity, Plaintiffs have failed to state a claim for declaratory relief that should be entertained by the Court. Plaintiffs in their Complaint seek a declaration that "the Cherokee Reservation has not been disestablished and therefore any action by the State of Oklahoma or its political subdivisions is void because the court would have lacked subject matter jurisdiction." See Complaint (Doc. No. 2) at p. 20, ¶ 85. The Tenth Circuit has said that a declaratory judgment is not meant to proclaim liability for a past act, but to define the legal rights and obligations of the parties in anticipation of some future conduct. *See Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir.2004) (McConnell, J., *concurring*) ("[A] declaratory judgment action involving past conduct that will not recur is not justiciable."); *Francis E. Heydt Co. v. United States*, 948 F.2d 672, 676–77 (10th Cir.1991). Under the Declaratory Judgment Act, the federal court has discretion to intervene. 28 U.S.C. § 2201(a) (a court "*may* declare the rights and other legal relations of any interested party," (emphasis added)). The court's discretion is "unique and substantial" when deciding whether to declare a litigant's rights. *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286, (1995). The relief Plaintiffs seek is retrospective in nature as it seeks a declaration about past liability and attempts to end-run around a decision being made by the criminal court in which each Plaintiff was convicted. This attempt at end-running should result in the Court utilizing its discretion and dismissing the claim.

**PROPOSITION VI**: Because federal question subject matter is lacking, the Court should decline to hear the supplemental jurisdiction state law claims and dismiss them.

Assuming *arguendo* that Eleventh Amendment immunity was waived, Plaintiffs alleged two claims, Count I and III, based upon what Defendants can only construe as being brought

10

pursuant to federal question jurisdiction under 28 U.S.C. §1331. As argued above, Plaintiffs have failed to state claims for relief for Counts I and III such that the Court has no claims based upon federal question jurisdiction before it. As the remaining claim, Count II, is based upon state law ("Money Had and Received"), Plaintiffs are presumably relying upon 28 U.S.C. §1367 for the Court's jurisdiction over Count II. The Court should decline to hear the state law claim as it is better decided by the state court and dismiss this Count. *See Gooden v. OMNI Air Transport, LLC*, No. 06–CV–618–GKF–FHM, 2009 WL 1636948, *1-*2 (N.D. Okla. June 11, 2009) ("According to the United States Supreme Court, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage in the litigation, the values of 'judicial economy, convenience, fairness, and comity.' … If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'" (internal citations omitted)).

      **PROPOSITION VII**:    **Plaintiffs' tort claims are barred by the Oklahoma Governmental Tort Claims Act.**

Plaintiffs have filed the current lawsuit alleging liability under state law against state officials and institutions. Any lawsuit or claim that is brought against the State or its agents must be brought in compliance with all of the provisions of the Governmental Tort Claims Act, 51 O.S. 1991, § 151 *et seq.* (hereinafter referred to as the "OGTCA"). Section 152.1 of the Act provides expressly that "the state … and all of their employees acting within the scope of their employment, . . . , shall be immune from liability for torts." At Paragraph B, the Act waives sovereign immunity for the State and its employees only as specifically enumerated in the Act. *Id.* The liability of the State is exclusive, absolute and in place of all other. 51 O.S. §

153(B) (stating that "the liability of the state or its political subdivision under [the Act] *shall be exclusive and in place of all other liability* of the state, a political subdivision or employee at common law or otherwise." (emphasis added)). As explained above, the individual district courts are not actually political subdivisions capable of being sued. As such, they are not proper parties to Plaintiffs' claims.

Assuming *arguendo* that the individual district courts were proper parties, Plaintiffs' state law claims must still fail. A person who has a claim against the state or a political subdivision of the state seeking any appropriate relief must present the written claim within one year of the date the loss occurs and must present the claim in writing to the Office of Risk Management and the state agency or political subdivision as required by the Act. 51 O.S. 1991, § 156. A claim against the state will be forever barred unless notice of that claim is presented within one year after the loss occurs. 51 O.S. 1991, § 156 B. A person may not file a suit against the State unless the claim presented to the State has been denied in whole or in part by the State. 51 O.S. 1991, § 157. Additionally, if a claim is denied, that person has 180 days to file suit. 51 O.S. §157(B). The Complaint must allege enough facts to determine whether actual or substantial requirements of the notice provisions of the OGTCA have been satisfied. *Girdner v Board of Commissioners of Cherokee County*, 2009 OK CIV APP 94, ¶20, 227 P.3d 1111. In the instant case, Plaintiffs have not pled compliance with the OGTCA as required by *Girdner*.

Assuming Plaintiff can show compliance with the OGTCA, they have not alleged enough facts to state a cognizable claim for relief against these Defendants. 51 O.S. § 155 of Oklahoma Statutes, Exemptions From Liability, states:

> The state or a political subdivision shall not be liable if a loss or claim results from:
>
> 2. Judicial, quasi-judicial, or prosecutorial functions, other than claims for wrongful criminal felony conviction resulting in imprisonment provided for in Section 154 of this title
>
> 4. Adoption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy

Plaintiffs allege that they were injured through judicial action, imposing costs, fines and fees pursuant to criminal conviction and acting outside their jurisdiction. The above exceptions clearly exempt Defendants from liability on the state law claims in this case. The Oklahoma legislature amended the OGTCA to bring Oklahoma all claims except contract claims within the OGTCA's ambit after the Oklahoma Supreme Court's decision in *Bosh v. Cherokee Building Authority*, 2013 OK 9, 305 P.3d 994. *See* 51 O.S. § 152(14) (as amended April 21, 2014) and 51 O.S. § 153 (as amended April 21, 2014). The OGTCA as amended post-*Bosh* (and *Scholer*), by its own provisions, applies to essentially any claim based on general law, statute, or constitutional provisions.[1] In *Barrios v. Haskell County Public Facilities Authority; Foutch v. Turn Key Health*, 432 P.3d 233 (Okla. 2018), the Oklahoma Supreme Court reasoned that the Legislature's amendment of the OGTCA "forecloses [the court's] ability to expand the common law in a manner that would conflict with statutory law." 432 p.3d at 244. The Oklahoma Supreme Court ruling in *Barrios* establishes the appropriate deference to be given

---

[1] "'Tort' means a legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision or the state or an employee acting within the scope of employment." 51 O.S. § 152 (14).

13

to the Legislature's specific amendment to include statutory claims within the OGTCA's ambit. As Plaintiffs are relying upon a theory of recovery outside of contract for their claim, Plaintiffs were required to comply with the OGTCA prior to filing suit. OGTCA compliance is mandatory and jurisdictional. The exclusions noted above clearly contemplate these sorts of claims. Plaintiffs' Complaint is insufficient to state a claim against these individual district courts.

In summary, to make a claim under the Act one must fully and completely comply with the notice and time provisions contained within it and specified in OKLA. STAT. tit. 51, §156. A claimant must make a claim in writing within one year of the date of loss which contains all of the information required by that statute. In addition, a claimant may not initiate a suit unless the claim has been denied in whole or in part. OKLA. STAT. tit. 51, § 157. In the present case, Plaintiffs have made no claim nor have they been provided a denial in whole or in part. Furthermore, even if Plaintiffs were to somehow cure this defect, any claim related to "[j]udicial, quasi-judicial, or prosecutorial functions" are specifically exempt from recovery under OKLA. STAT. tit. 51, § 155(2) and (4). As a result, any claim for any tort must be dismissed as having failed to comply with the OGTCA. As a result of failing to comply with the provisions of the OGTCA, Plaintiffs have failed to state a claim upon which any relief may be granted.

Plaintiffs' attempt to end run the OGTCA by asserting that they are seeking redress for "money had and received" and is therefore outside the OGTCA. Plaintiffs' assert that Defendants improperly ordered costs, fines, and fees which Plaintiffs paid or are still paying. Plaintiffs are, therefore, asserting that due to the individual district courts assuming jurisdiction

over their criminal cases they have suffered a loss. By definition, the GTCA applies to Plaintiffs' state law claims, these claims are barred by the OGTCA and should be dismissed.

## CONCLUSION

For the reasons set forth above and in Defendant District Attorneys' Motion as incorporated by reference, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint (Doc. No. 2) in its entirety.

Respectfully submitted,

s/ Stefanie E. Lawson
**STEFANIE E. LAWSON, OBA#22422**
**ERIN M. MOORE, OBA #20787**
Assistant Attorneys General
Oklahoma Attorney General's Office
313 NE 21st Street
Oklahoma City, OK 73105
Tele: (405) 521-3921 Fax:(405) 521-4518
Email: stefanie.lawson@oag.ok.gov
erin.moore@oag.ok.gov
*Attorneys for Defendants The District Courts*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record.

/s/Stefanie E. Lawson
**Stefanie E. Lawson**