IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TAYLEUR RAYE PICKUP, *et al.*,<br>   Plaintiffs,<br>v.<br><br>THE DISTRICT COURT OF NOWATA COUNTY, OKLAHOMA, *et al.*<br>   Defendants. | Case No: 20-cv-346-JED-JFJ |

**RESPONSE AND OBJECTION TO CERTAIN TRIBES' MOTION AND OPENING MEMORANDUM IN SUPPORT OF LEAVE TO FILE BRIEF OF *AMICI CURIAE, ETC.***

Defendants Kevin Buchanan, Kenny Wright, Matt Ballard and Steve Kunzweiler (collectively "District Attorneys") respectfully ask this Court to deny certain Tribes' Motion and Opening Memorandum in Support of Leave to File Brief of *Amici Curiae, etc.*, Doc. 143 ("Tribes' Motion"). In support, District Attorneys would show as follows:

**BACKGROUND**

1. On July 20, 2020, Plaintiffs initiated the above-styled lawsuit. *See* Doc. 2.

2. On August 27, 2020, District Attorneys filed their Motion to Dismiss and Brief in Support. *See* Doc. 24.

3. In their Motion to Dismiss, District Attorneys did not raise any arguments related to the Curtis Act. *See id.*

4. By October 19, 2020, almost all other Defendants filed motions to dismiss. *See* Doc. 18 (District Court Defendants); Docs. 27, 87 (Municipality Defendants), and Docs. 70-72 (Court Clerk Defendants).

5. By December 1, 2020, the motions to dismiss were fully briefed and ripe for

resolution by the Court, with the District Attorneys' motion being fully briefed by October 14, 2020. *See* Docs. 85-86, 88-90, 95.

6. On February 10, 2022, the Court scheduled the motions to dismiss for hearing on March 16, 2022. Doc. 125.

7. On March 16, 2022, the Court held the hearing on the motions to dismiss. The hearing lasted almost three (3) hours and the Court heard oral argument from counsel for all parties. *See* Doc. 131.

8. At the conclusion of the hearing, the Court took the motions to dismiss under advisement and noted it would issue an opinion "as soon as possible." *Id.* at p. 7.

9. On July 15, 2022, six-hundred and thirty-nine (639) days after District Attorneys' Motion to Dismiss was fully briefed and one-hundred and twenty-one (121) days after this Court took all Defendants' motions to dismiss under advisement, the non-Party Tribes submitted their Motion seeking leave to file an Amicus Brief in support of Plaintiffs. *See* Doc. 143. The Tribes' Motion seeks to submit an Amicus Brief in support of Plaintiffs' opposition to Curtis Act arguments raised only by Defendant Municipalities. *See id.* at p. 2.

## ARGUMENT AND AUTHORITIES

This Court should deny the Tribes' Motion because it is improper, untimely, prejudicial, and unhelpful to this Court's resolution of the Defendants' motions to dismiss, which are already under advisement.

### I. THE TRIBES' MOTION IS PROCEDURALLY IMPROPER AND UNTIMELY.

Although this Court has the discretion to allow non-parties leave to file amicus briefs, *N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Health Servs.*, 994 F.3d 1166, 1175

2

(10th Cir. 2021), the practice is not common. The Federal Rules of Civil Procedure don't contemplate the practice of filing amicus briefs, nor do they contemplate unfettered involvement in district court proceedings by a non-party. *See, e.g.,* Fed. R. Civ. P. Rules 7, 14, 18, 19, 45; Local Rule 7-1. Afterall, litigation "is and always should be an adversary proceeding." *Hickman v. Taylor*, 329 U.S. 495, 516 (1947) (Jackson, J., concurring).

On the other hand, the filing of amicus curiae briefs is a procedure contemplated by the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 29. The silence of the Federal Rules of Civil Procedure paired with the expression of the Federal Rules of Appellate Procedure on the practice of amicus curiae briefs, as well as the adversarial nature of district court proceedings, suggest district courts should view motions seeking leave to file amicus briefs with hesitancy.

When motions seeking leave to file amicus briefs are untimely and could lead to unnecessary delay or prejudice to the parties, courts should view such motions with disfavor. The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. To further their purpose, the Federal Rules of Civil Procedure contemplate orderly and timely proceedings. *See, e.g.,* Fed. R. Civ. P. 6, 78. For example, Rule 6(c) explains that "[a] written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing," with few exceptions, and affidavits supporting a motion "must be served at least 7 days before the hearing . . . ." The Federal Rules of Civil Procedure are replete with 7-day, 14-day, and 21-day deadlines to respond to pleadings, motions, and papers. *See, e.g.,* Fed. R. Civ. P. 7(c), 12(a)(1), (f)(2), 14(a)(1), 15(a),

26(a)(1)(C), (f)(1), 27(a)(2), 32(a)(5), 45(d)(2)(B), 59(c), 68(a), 81(c)(2). The longest deadline contemplated in the Federal Rules of Civil Procedure is 150 days. *See* Fed. R. Civ. P. 58(c)(2)(B).

The Federal Rules of Appellate Procedure, for their part, detail a strict deadline for amicus curiae briefs, stating:

> An amicus curiae must file its brief, accompanied by a motion for filing when necessary, **no later than 7 days after the principal brief of the party being supported is filed**.

Fed. R. App. P. 29(a)(6) (emphasis added). When contemplating the filing of amicus curiae briefs in district court proceedings, "district courts commonly look for guidance to Federal Rule of Appellate Procedure 29 . . . ." *United States v. Bd. of Cnty. Comm'rs of Otero*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015) (citation omitted).

These rules together make clear that the practice of filing amicus curiae briefs in district court, even if generally permissible, should comport with strict deadlines that do not interrupt, delay, or prejudice the resolution of adversarial proceedings. *See, e.g., Danskammer Energy, LLC v. New York State Dep't of Envtl. Conservation*, EF008396-2021, 2022 WL 2092580, at *36 (N.Y. Sup. Ct. June 8, 2022) ("If the granting of amicus curiae status might delay the case, the court could deny the application in its discretion.").

Courts considering untimely motions filed by parties (not potential amicus curiae) routinely deny the same due to prejudice to the opposing party. *See, e.g.*, *United States v. Harris*, 02-CR-0088-CVE, 2009 WL 961535, at *2 (N.D. Okla. Apr. 7, 2009) (denying an untimely motion to reopen time to appeal); *De-Raef Corp. v. Horner Sales Corp.*, 10 F.R.D. 28, 29 (W.D. Pa. 1950) (denying a plaintiff's motion to strike that came after he responded to the

4

defendant's counterclaim); *First Nat. City Bank v. Burton M. Saks Const. Corp.*, 70 F.R.D. 417, 419 (D. V.I. 1976) (denying a plaintiff's motion to strike filed nearly six months after the filing of the responsive pleading).

Here, the Tribes' Motion was file **six-hundred and thirty-nine (639) days** after District Attorneys' Motion to Dismiss was fully briefed. Moreover, the Tribes' Motion was filed and **one-hundred and twenty-one (121) days** after the hearing on Defendants' motions, where this Court took all Defendants' motions to dismiss under advisement. Plainly, applying even the most generous analogous deadline from the Federal Rules of Civil Procedure or Appellate Procedure, the Tribes' Motion is untimely.

Worse than untimely, granting the Tribes' Motion at this juncture in the proceeding, after full briefing, oral argument, and this Court's months-long contemplation would severely prejudice all Defendants through unnecessary further delays of motions that have been pending for nearly two years. This prejudice and unnecessary delay will be particularly indefensible as it relates to District Attorneys, as the amicus curiae brief does not address any issue relevant to their Motion to Dismiss. *Compare* Doc. 143 *with* Doc. 24. This Court should deny the Tribes' Motion.

II. **THIS COURT SHOULD USE ITS DISCRETION TO DENY THE TRIBES' MOTION.**

Even if the indefensible untimeliness of the Tribes' Motion did not resolve their request for leave to file an amicus curiae brief, this Court should use its discretion to deny the requested relief. Courts typically look to five factors to guide their discretion:

> (1) whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential

amicus curiae's interests; and, perhaps most importantly (5) the usefulness of information and argument presented by the potential amicus curiae to the court.

*Oregon-California Trails Assoc. v. Walsh*, 467 F.Supp.3d 1007, 1073 (D. Colo. June 17, 2020) (citation omitted). Although not all factors need to be considered, *id.*, here these factors weigh against the Tribes' Motion.

Concerning the second factor, "[c]ounsel for all Defendants have stated that they oppose leave to file." Doc. 143 at p. 1. Furthermore, at the time of the filing of this Response and Objection at least three groups of additional Defendants have filed a response in opposition. *See, e.g.,* Docs. 146-148.

Concerning the first factor, amicus curiae "means friend of the court, not a party." *Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, No. 05-CV-329-GKF-SAJ, 2008 WL 1994914, at *1 (N.D. Okla. May 5, 2008). An amicus curiae should be "an impartial individual who suggests the interpretation and status of the law, gives information concerning it, and advises the Court in order that justice may be done, rather than to advocate a point of view so that a cause may be won by one party or another." *United States v. Bd. of Cty. Commissioners of the Cty. of Otero*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015), *aff'd sub nom. United States v. Bd. of Cty. Commissioners of Cty. of Otero*, 843 F.3d 1208 (10th Cir. 2016); *see also United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991) ("Classical participation as an amicus . . . [is] a privilege within 'the sound discretion of the courts,' . . . depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice.") (citation omitted).

Here, the Tribes are vested in the outcome of the case, because this Court's ruling on

the Curtis Act "could have a dramatic effect on tribal sovereignty." Doc. 143 at p. 8. The Tribes are not disinterested third parties.

As to the third factor, the Plaintiffs are adequately represented by counsel capable of making arguments without assistance of an amicus, as demonstrated by Plaintiffs raising legal defenses related to the Curtis Act in briefs and during oral argument. *Compare* Doc. 143 *with* Doc 27, 77, 86. The third factor weighs against the Tribes.

As to the fourth factor, the amicus curiae brief does not strengthen the Plaintiffs' arguments. To start, as the Tribes concede, their brief only addresses arguments related to Municipality Defendants' pending motions. *See* Doc. 143 at p. 7. The District Attorney Defendants did not raise any legal issues concerning the Curtis Act, so the brief does nothing to aid Plaintiffs in the District Attorneys' pending Motion to Dismiss. And even the Defendants who raised legal arguments related to the Curtis Act made many other strong arguments that Plaintiffs must overcome before the Curtis Act becomes relevant. *See* Doc. 27 at pp. 4-6; *see also* Doc. 143 at p. 8 ("[R]esolution of the Curtis Act Section 14 argument . . . is a small part of the pending motions in this case . . . ."). The fourth factor weighs against the Tribes.

Finally, "[a]micus briefs filed by allies of litigants which duplicate the arguments made in litigants' briefs, in effect merely extending the length of the litigant's brief, are an abuse and should not be allowed." *Oklahoma ex rel. Edmondson*, 2008 WL 1994914 at *1. Our court system "is a party-directed adversarial system and we normally limit ourselves to the arguments the parties before us choose to present." *United States v. Ackerman*, 831 F.3d 1292, 1299 (10th Cir. 2016). Parties that bring amici briefs can assist in clarifying the law, but it does not "include

7

presenting arguments foregone by the parties themselves." *Id.*

Here, the Tribes' proposed brief will not be helpful to the Court for the reasons already described. Moreover, the Tribes' proposed brief treads ground already covered by the Plaintiffs—the Curtis Act—but seeks to interject a new theory Plaintiffs chose not to litigate. The Tenth Circuit "has routinely declined to consider arguments presented only in an amicus brief" and there is no reason for this Court to do any different. *Ackerman*, 831 F.3d at 1299; *see also Tyler v. City of Manhattan*, 118 F.3d 1400, 1404 (10th Cir. 1997) (saying the court should view issues raised by amicus briefs "only in exceptional circumstances"). To the extent such matters may nonetheless be relevant, the Tribes are not foreclosed from attempting to submit an amicus curiae brief to the Tenth Circuit in any future appeal.

Because all these factors weigh against the Tribes, this Court should deny the Tribes' Motion. District Attorneys further incorporate the arguments of other Defendants' responses and objections.

## **CONCLUSION**

For these many reasons, District Attorneys respectfully move this Court for an order denying the Tribes' Motion in Support of Leave to File Brief of Amici Curiae, Doc. 143, and for all other and further relief as the Court deems just and necessary.

Respectfully Submitted,

s/ Audrey A. Weaver
Audrey A. Weaver, OBA #33258
Assistant Solicitor General
OFFICE OF ATTORNEY GENERAL
STATE OF OKLAHOMA
313 N.E. 21st Street
Oklahoma City, OK 73105

Telephone: (405) 521-3921
audrey.weaver@oag.ok.gov
*Counsel for Defendants*

Case 4:20-cv-00346-JB-JFJ   Document 149 Filed in USDC ND/OK on 08/05/22   Page 9 of 10

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants with entries of appearance filed of record.

    s/ Audrey A. Weaver
AUDREY A. WEAVER