IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Tayleur Raye Pickup, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 4:20-cv-00346-JB-JFJ |
| District Court of Nowata County, et al., | ) |
| Defendants. | ) |

**CONSOLIDATED REPLY TO REMAINING DEFENDANTS' OPPOSITIONS TO MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* CHEROKEE NATION, CHICKASAW NATION, CHOCTAW NATION OF OKLAHOMA, MUSCOGEE (CREEK) NATION, QUAPAW NATION, AND SEMINOLE NATION OF OKLAHOMA IN SUPPORT OF PLAINTIFFS ON THE CURTIS ACT ARGUMENTS RAISED IN DEFENDANT MUNICIPALITIES' MOTIONS TO DISMISS**

The Cherokee Nation, Choctaw Nation of Oklahoma, Muscogee (Creek) Nation, Quapaw Nation, and Seminole Nation of Oklahoma ("Nations") hereby file this Consolidated Reply to the further six Defendants' Responses opposing leave to file the Nations' amicus brief, filed after Owasso's response.[1]  (For convenience, we sometimes refer to Defendants who are not municipalities as "Non-Municipal Defendants.")  In short, Defendants provide no basis to deny leave for the Nations to file their proposed *amicus* brief.

Notably, no Defendants dispute that the Nations have a vested interest in how the Court resolves one legal issue in the case—whether Section 14 of the Curtis Act is still in effect, which was injected into this case *by Defendant Municipalities*.  That issue has outsized impact on the Nations compared to the parties, because the argument Defendant Municipalities advance would undermine tribal sovereignty and the substantial work the Nations have done to ensure the effective administration of justice on their Reservations.  Resolution of that issue is important, as other municipalities are adopting Defendant Municipalities' error, asserting in a rising number of cases that Section 14 gives them jurisdiction over Indians in Indian country.  In the past two months, for instance, the City of Tulsa has filed papers in the Oklahoma Court of Criminal Appeals and the United States Court of Appeals for the Tenth Circuit, arguing that Section 14 is still in effect, controls the jurisdiction of municipal criminal courts in eastern Oklahoma, establishes a strange new form of federal district court appellate jurisdiction in the Northern and Eastern Districts, and gives municipalities in eastern Oklahoma authority over Indians in Indian country.  *See* Appellee City of Tulsa's Mot. to Dismiss Appeal, *Taylor v. City of Tulsa*, No. C-2021-1429 (Okla. Crim.

---

[1] *See* ECF Nos. 147 ("Dist. Ct. Resp."), 148 ("Muni. Resp."), 149 ("DA Resp."), 150 ("Edwards Resp."), 151 ("Clerks Resp."), 152 ("Newberry Resp.").  Several Defendants incorporated other Defendants' responses, *see* DA Resp. at 8; Edwards Resp. at 1; Clerks Resp. at 1; Newberry Resp. at 1, and so the Nations' replies to any particular response, including replies already made to Owasso, also reply to those Defendants.

App. July 5, 2022); Resp. Br. on Behalf of Appellee City of Tulsa, *Hooper v. City of Tulsa*, No. 22-5034 (10th Cir. Aug. 12, 2022) (Doc. No. 010110723760).

Litigation of Section 14 has proceeded and multiplied without the consent of the Nations or tribal-municipal consultation, by parties who do not share the Nations' interests: municipalities that seek to expand their jurisdiction over Indians, including citizens of the Nations who under longstanding principles of Indian law are subject to tribal jurisdiction when they commit offenses in Indian country; and individual, private defendants seeking to avoid punishment for their own actions. In response, the Nations have acted quickly and deliberately to provide courts with thorough facts and arguments, informed by their perspective and history. They filed their motion for leave, with accompanying brief, shortly after filing their respective *amicus* briefs to the Tenth Circuit in *Hooper v. City of Tulsa*, No. 22-5034, and soon after Defendant Municipalities filed notices of authority of the district court decision in *Hooper* and this case was re-assigned.

Defendants do not suggest the Nations' *amicus* brief is incorrect or weakly argued or that it is not motivated by the Nations' unique and compelling interests in the outcome of this case. In fact, the Nations' *amicus* brief is useful to the Court because it provides perspective and arguments the current briefing lacks, but which the Nations have tendered to other courts considering Section 14. Moreover, Non-Municipal Defendants lack standing to oppose the filing of the Nations' *amicus* brief because they did not raise Section 14 in their motions to dismiss, would not be affected by the resolution of the Section 14 issue before the Court, and would not be prejudiced by the Court's consideration of the Nations' *amicus* brief.

# ARGUMENT

**I.      The Nations' Brief Should be Accepted Under *JPMorgan*.**

Under the test articulated in *JPMorgan Chase Bank, N.A. v. Fletcher*, No. 06-CV-624-GKF-SAJ, 2008 WL 73233 (N.D. Okla. Jan. 7, 2008), on which the Nations and Defendant Municipalities rely, *see* Muni. Resp. at 3; ECF No. 146 at 3, an *amicus* is entitled to participation

> when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), *or* when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.

*JPMorgan*, 2008 WL 73233 at *1 (emphasis added) (citation omitted).  These considerations—which notably omit any suggestion of the strict deadline District Attorneys urge, *see infra* at 9-10—weigh heavily in favor of amicus status here.

Defendants do not contest that this case implicates serious legal questions related to law enforcement and governmental jurisdiction on the Nations' Reservations.  Plaintiffs, who are individual private citizens, have no obligation or capacity to fully litigate those issues.  The Nations can provide information and perspective that the other parties cannot.  Thus, the Court could not give the Section 14 issue the full consideration it warrants without hearing from the Nations.  Nor do Defendants argue that the Nations lack an interest in the Court's resolution of Defendant Municipalities' Section 14 defense.  Nor do they deny the self-evident fact that the Nations have unique information and perspective that can help the Court.  No other party shares their position as sovereign Indian tribes with a vested interest in law enforcement throughout their Reservations.  Indeed, the Nations are the only participants in this litigation that have shown the Court the history of many of Defendant Municipalities' incorporations or how several of Defendant Municipalities have admitted elsewhere that they lack jurisdiction over Indians in Indian country.  *See* ECF No.

3

153 at 2-3 ("Reply to Owasso"). Thus, the Nations meet all *JPMorgan* factors, which compels acceptance of the Nations' *amicus* brief.

II. **Non-Municipal Defendants Lack Standing to Oppose the Nations'** *Amicus* **Participation.**

No Non-Municipal Defendant disputes that it lacks standing to oppose filing of the Nations' *amicus* brief. *See* Nations' Mot. at 9 (citing *Wood v. Millar*, No. CV 13-0923 RB/CG, 2015 WL 12661926, at *4 (D.N.M. Feb. 19, 2015); *Trantham v. Super T. Transp., Inc.*, 311 F. Supp. 3d 1247, 1251 (D. Colo. 2018)). Indeed, District Courts and District Attorneys admit that Section 14 does not apply to them and that they have not raised or argued Section 14. Dist. Ct. Resp. at 2; DA Resp. at 5, 7. For that reason, acceptance of the *amicus* brief would not injure them, they have no standing to oppose leave to file and thus no right to do so, and the Court should not consider their responses. Nations' Mot. at 9. District Attorneys do claim, without any supporting argument or assertion of standing, that all Defendants will be prejudiced by delay caused by consideration of the *amicus* brief. DA Resp. at 5. But the Nations have explained—and District Attorneys do not contest—that any delay in this case *benefits* all Defendants because it preserves the status quo and precludes Plaintiffs from collecting any remedies against them, regardless of the merits of Plaintiffs' claims. Nations' Mot. at 8-9. Therefore, Non-Municipal Defendants do not have standing to oppose leave to file, they have no right to file responses, and their responses give no basis to deny the Nations leave to file their *amicus* brief.

III. **The Five-Factor Test that District Attorneys and District Courts Advance Does Not Bar the Nations from** *Amicus* **Participation.**

Even if Non-Municipal Defendants had standing, their arguments against the Nations' *amicus* participation would fail. Instead of contesting whether the Nations meet *JPMorgan*, Non-Municipal Defendants rely on the five-factor test described in *Oregon-California Trails Association v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. 2020). DA Resp. at 5-7; Dist. Ct.

4

Resp. at 3. They do not explain why that test should be adopted instead of the *JPMorgan* test already accepted in this district and advanced by the Nations and Defendant Municipalities—but were the Court to adopt it, the Nations would still satisfy it.

Under the first *Oregon-California* factor, courts weigh "whether the proposed amicus is a disinterested entity." This factor does not require that an amicus have *no* interest in the case. *See Wildearth Guardians v. Lane*, No. CIV 12-118 LFG/KBM, 2012 WL 10028647, at *2 (D.N.M. June 20, 2012) ("[T]here is no rule that *amici* must be totally disinterested."); *Sgaggio v. Young*, No. 20-cv-01977-PAB-NYW, 2022 WL 970008, at *5 (D. Colo. Mar. 31, 2022) ("[T]oday *amicus* briefs often support a particular party."); *cf. Fischer v. BMW of N. Am., LLC*, No. 20-1399, 2021 WL 5458444, at *7 n.6 (10th Cir. Nov. 23, 2021) (finding proposed *amicus* was not "disinterested" because "[t]he amicus brief's author . . . served as [appellee]'s counsel earlier in this litigation"). In any event, the Nations pointedly are *not* "advocat[ing] a point of view *so that a cause may be won by one party or another*," see *United States v. Bd. of Cnty. Comm'rs*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015) (quoting *Wildearth Guardians*, 2012 WL 10028647, at *2) (emphasis added)—instead, they are openly "impartial" on the outcome of this case and make argument and provide information "in order that justice may be done" in the Court's resolution of Defendant Municipalities' Section 14 defenses, *id.* (quoting *Wildearth Guardians*, 2012 WL 10028647, at *2). The fact that Section 14 was abrogated does not necessarily entitle Plaintiffs to relief, and as the Nations have already stated, they make no argument and take no position on that ultimate question. *See* Reply to Owasso at 8. District Attorneys' contrary, cursory argument that the Nations' interest in Section 14 makes them "vested in the outcome of the case," *see* DA Resp. at 6-7, simply overstates the case—the Nations are only vested in how the Section 14 issue is decided.

5

Under the second factor, courts consider whether *amicus* participation is opposed. This factor does not warrant significant weight. *See, e.g.*, *N.M. Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1176 (10th Cir. 2021) (granting status to *amici* status over opposition where "*amici* have an interest in this proceeding and brief matters relevant to the disposition of this case"). And opposition to entry of the Nations' *amicus* brief is limited to Defendants. Plaintiffs "welcome the expertise of the [Nations]" and the Nations' *amicus* participation. ECF No. 154. And Non-Municipal Defendants do not contest that they lack standing to oppose the Nations' *amicus* participation because that participation does not injure them, *see supra* at 4, so their opposition should carry no weight.

As to the third factor—"whether counsel is capable of making arguments without the assistance of an amicus," *Or.-Cal.*, 467 F. Supp. 3d at 1073—Plaintiffs cannot represent the Nations' unique interests in the Section 14 issue. The Nations are sovereign Indian tribes seeking to preserve the effective administration of justice on their Reservations, and Plaintiffs are private individuals seeking compensation from local governments for punishments imposed for past offenses. The fact that Plaintiffs' counsel can competently make legal arguments on Section 14 therefore does not make Plaintiffs capable of representing the Nations' interests. Nor should the competence of counsel be dispositive when interested *amici* may aid the Court. *See Legacy Church, Inc. v. Kunkel*, 472 F. Supp. 3d 926, 936 (D.N.M. 2020) (Browning, J.), *aff'd sub nom. Legacy Church, Inc. v. Collins*, 853 F. App'x 316 (10th Cir. 2021). The only other district court to rely on *Oregon-California* accepted an *amicus* filing, although "plaintiff [wa]s certainly well-represented," "given the importance of the substantive state law questions at issue, and the [*amici*'s] institutional experience and interest in th[e] questions [before the court]." *Lyons v. York Cnty. Bd. of Comm'rs*, No. 4:21-CV-3296, 2022 WL 523751, at *1 (D. Neb. Feb. 22, 2022).

6

District Attorneys' and District Courts' conclusory argument that the Nations should not be allowed to present arguments that Plaintiffs did not, Dist. Ct. Resp. at 3, also provides no basis to deny the Nations' participation under the third factor.[2]  Courts have denied *amicus* participation to address issues that were waived or foregone because the issue was never raised by the complainant or movant, or the non-movant failed to respond.  Reply to Owasso at 6-7 (citing *Animal Legal Def. Fund. v. Kelly*, 9 F.4th 1219, 1224 (10th Cir. 2021); *United States v. Ackerman*, 831 F.3d 1292, 1299 (10th Cir. 2016); *Tyler v. City of Manhattan*, 118 F.3d 1400, 1403 (10th Cir. 1997); *In re McGough*, 737 F.3d 1268, 1277 n.8 (10th Cir. 2013)).  Defendant Municipalities raised Section 14 in their motions, and Plaintiffs responded, so the issue was not waived or foregone.  The arguments made in the Nations' *amicus* brief are therefore eminently proper.  *Cf. Kelly*, 9 F.4th at 1226 n.6 ("[T]o the extent that amici's contentions illuminate the contours of the parties' respective positions or explicate the real-world, industry and regulatory implications of the legal issues before us we consider them." (quotation omitted)); *see Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982) ("classic role of amicus curiae . . . [includes] drawing the court's attention to law that escaped consideration"); *SEC v. Cetera Advisors LLC*, No. 19-cv-02461-MEH, 2020 WL 13470960, at *2 (D. Colo. Aug. 25, 2020) (accepting *amicus* brief *because* it responded to plaintiffs by raising three "issues not specifically addressed in Defendants' [brief]").  Judge Posner himself has articulated the principle that "the criterion for deciding whether to permit the filing of an amicus brief should be . . . : whether the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data *that are not to be found*

---

[2] District Courts also advance the contrary argument that the Nations are "expanding on arguments already made," Dist. Ct. Resp. at 3, but that provides no reason to deny leave, *see infra* at 7.

7

*in the parties' briefs."* *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (Posner, J., in chambers) (emphasis added).

As to the fourth *Oregon-California* factor, "the strength of the information and argument presented by the potential amicus curiae's interests," Non-Municipal Defendants never even attempt to argue—and thus concede—the strength of the Nations' interests, information, and argument. The Nations' interests are strong here, and the information and argument they present based on those interests is solidly grounded in law. District Attorneys assert that there are issues in the case other than Section 14 "that Plaintiffs must overcome before the Curtis Act becomes relevant." DA Resp. at 7. But Defendant Municipalities continue to press their motions to dismiss, which assert Section 14 as an independently dispositive issue in the case. *See* ECF Nos. 27 at 4-6; 87 at 12-14. That there are other dispositive issues in the case does not undermine the value or strength of the Nations' information and arguments or the compelling nature of their interests.

As to the fifth factor, "the usefulness of information and argument presented by the potential amicus curiae," Non-Municipal Defendants do not dispute that the Nations' information and arguments will assist the Court in properly resolving the Section 14 issue. Section II of the Nations' proposed brief explains that Section 14 of the Curtis Act was abrogated by statehood and that municipalities in Oklahoma are solely chartered under and governed by *state* law. Sections I and III illuminate the practical implications that resurrection of Section 14 would have on hundreds of law enforcement agreements, the State's control of its municipal court system, and the federal judiciary—as well as several Defendant Municipalities' own concessions elsewhere that they lack jurisdiction over Indians in Indian country. Instead of attacking these arguments, District Attorneys assert the fifth factor weighs against *amicus* participation simply because the other four factors purportedly weigh against it. That would effectively nullify the "most important factor" of

8

the test. *See Sgaggio*, 2022 WL 970008, at *5. Although District Courts argue that there are other dispositive issues in the case, Dist. Ct. Resp. at 3, that does not counsel against accepting *amicus* briefing on an important, dispositive defense that Defendant Municipalities are asserting.

Non-Municipal Defendants then make an about-face. After having argued that the Nations' *amicus* participation should be barred at the current stage of litigation, they suggest that the Nations should present arguments as *amicus* before the Court of Appeals or before this Court on summary judgment. Dist. Ct. Resp. at 3. But the Nations' participation should be granted now for the same reasons it should be granted in those later stages, if this case ever gets that far: The Nations' interests are not represented in this case; their interests in law enforcement on their Reservations may be affected by the decision here; and they have a unique and useful perspective that can help the Court.

### IV. The Nations' Brief is Timely.

Defendant Municipalities also assert that the Nations' brief is untimely, *see* Muni. Resp. at 2-5, proffering an argument that essentially duplicates Owasso's, *see* Owasso Resp. at 1-3. That exercise in repetition fails. They provide no argument to undermine the timeliness of the Nations' brief in light of the present "unusual circumstances," under which municipalities are asserting jurisdiction over Indians in Indian country in multiple forums and the Nations are acting quickly to ensure that all courts have the same full suite of information and arguments available to them as they consider Section 14. *See supra* at 2.

District Attorneys argue, without any supporting precedent or rules, that the Court should gauge an *amicus*'s timeliness by looking to various other "deadlines to respond to pleadings, motions, and papers" in the Federal Rules of Civil Procedure. DA Resp. at 3-4. This reliance on deadlines for other filings only emphasizes that the Federal Rules do *not* provide a deadline for filing *amicus* briefs. District Attorneys then point to Federal Rule of Appellate Procedure 29's

9

deadline, *id.* at 4, but it would make little sense to transplant that deadline into the district courts, Reply to Owasso at 4-5.[3] District Attorneys then invent a principle, never adopted by a court, that *amicus* briefing "should comport with strict deadlines that do not interrupt, delay, or prejudice the resolution of adversarial proceedings." DA Resp. at 4. Yet District Attorneys point to no "interruption" or "prejudice" that would be caused by accepting the Nations' brief. They do posit the possibility of delay to the resolution of the pending motions to dismiss, DA Resp. at 5, but that actually *helps* Defendants, *see supra* at 4. In contrast, when courts have considered potential "delay" caused by proposed *amicus* participation, they have focused on whether the delay is "prolonged," "unnecessary," or prejudicial. *See, e.g.*, *Fluor Corp. v. United States*, 35 Fed. Cl. 284, 286 (1996); *Andersen v. Leavitt*, No. 03-cv-6115 (DRH)(ARL), 2007 WL 234672, at *6 (E.D.N.Y. Aug. 13, 2007). The possibility of minimal, non-prejudicial delay, which the Nations reduced by proffering a brief with their motion for leave, *see Andersen*, 2007 WL 234672, at *6, should not prevent the court from considering the unique perspective and useful information of governmental entities whose interests may be affected by an issue in this case.

## CONCLUSION

For the foregoing reasons, the remaining Defendants' arguments should be rejected and the Nations' motion for leave should be granted.

//
//
//

---

[3] District Attorneys also rely on an unpublished New York state court decision. *See* DA Resp. at 4 (citing *Danskammer Energy, LLC v. N.Y. State Dep't of Env't Conservation*, No. EF008396-2021, 2022 WL 2092580, at *36 (N.Y. Sup. Ct. June 8, 2022)). *Danskammer* only considered New York State law and relied primarily on a Manhattan trial court decision which concluded that courts should consider "delay" that would "substantially prejudice the rights of the parties." *Id.* (quoting *Kruger v. Bloomberg*, 768 N.Y.S. 2d 76, 83 (N.Y. Sup. Ct. 2003)). There is no prejudice here.

Dated: August 18, 2022

Respectfully submitted,

*/s/ Frank S. Holleman*

Frank S. Holleman
SONOSKY, CHAMBERS, SACHSE,
   ENDRESON & PERRY, LLP
145 Willow St., Suite 200
Bonita, CA 91902
Tel: 619-267-1306
E-mail: fholleman@sonosky.com

Douglas B.L. Endreson
SONOSKY, CHAMBERS, SACHSE,
   ENDRESON & PERRY, LLP
1425 K St. NW, Suite 600
Washington, DC 20005
Tel: 202-682-0240
E-mail: dendreso@sonosky.com

*Counsel for Amici Cherokee Nation, Chickasaw
   Nation, and Choctaw Nation of Oklahoma*

Sara Hill
*Attorney General*
CHEROKEE NATION
P.O. Box 948
Tahlequah, OK 74465
Tel: 918-458-6998
E-mail: sara-hill@cherokee.org

*Counsel for Amicus Curiae the Cherokee Nation*

Stephen H. Greetham
*Senior Counsel*
CHICKASAW NATION
Office of Senior Counsel
4001 N. Lincoln Blvd.
Oklahoma City, OK 73105
Tel: 580-272-5236
E-mail: stephen.greetham@chickasaw.net

*Counsel for Amicus Curiae the Chickasaw Nation*

Brian Danker
*Senior Executive Officer*
DIVISION OF LEGAL & COMPLIANCE
CHOCTAW NATION OF OKLAHOMA
1802 Chukka Hina Dr.
Durant, OK 74701
Tel: 580-642-7423
E-mail: bdanker@choctawnation.com

*Counsel for Amicus Curiae the Choctaw Nation of Oklahoma*

Geri Wisner
*Attorney General*
Kevin W. Dellinger
*Assistant Attorney General*
MUSCOGEE (CREEK) NATION
P.O. Box 580
Okmulgee, OK 74447
Tel: 918-295-9270
Email: gwisner@mcnag.com
         kdellinger@mcnag.com

*Counsel for Amicus Curiae the Muscogee (Creek) Nation*

Robert H. Henry
ROBERT H. HENRY LAW FIRM
512 N. Broadway Ave, Suite 230
Oklahoma City, OK 73102
Tel: 405-516-7824
Email: rh@rhenrylaw.com

*Counsel for Amicus Curiae the Quapaw Nation*

Valerie Devol
*Attorney General*
DEVOL & ASSOCIATES
15205 Traditions Lake Parkway
Edmond, OK 73103
Tel: 405-225-2300
E-mail: vdevol@devollaw.com

*Counsel for Amicus Curiae the Seminole Nation of Oklahoma*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, I electronically filed the above and foregoing document with the Clerk of Court via the ECF System for filing.

*/s/ Frank S. Holleman*
Frank S. Holleman